UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

FREDERIC RENUCCI,

        Plaintiff,

v.

MAJOR FOOD GROUP LLC D/B/A 49
COLLINS AVENUE RESTAURANT
LLC D/B/A CARBONE RESTAURANT
LLC and MAJOR MANAGEMENT TCZ
LLC,

        Defendants.

## COMPLAINT

Plaintiff, FREDERIC RENUCCI ("Plaintiff") sues Defendants MAJOR FOOD GROUP LLC D/B/A 49 COLLINS AVENUE RESTAURANT LLC D/B/A CARBONE RESTAURANT LLC and MAJOR MANAGEMENT TCZ LLC ("Defendants"), and alleges as follows:

### NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendants, including his discrimination and wrongful termination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and (4) and 28 U.S.C. § 1367 (a).

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391, because Defendants resides in this district; also, because

Defendants is subject to the Court's personal jurisdiction with respect to the civil action at bar and because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

5. The acts or omissions giving rise to this Complaint occurred in whole or in part in, Florida.

6. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendants have their principal place of business within the district, resides in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Miami, Florida.

## PARTIES

7. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

8. At all times material, Plaintiff was an "employee" as defined by 42 U.S.C. § 12111(4), 29 USC § 630 (f), and a "qualified individual" as defined by 42 U.S.C. § 12111(8).

9. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

10. At all times material, Defendants were each a "person" and an "employer" as defined by 42 U.S.C. § 12111(5); 29 USC § 630 (b) and Fla. Stat. § 760.02(7). Defendants employed twenty (20) or more employees for the applicable statutory period, and it is therefore

subject to the employment discrimination provisions of the applicable statutes – the ADEA and the FCRA.

11. At all times material, Defendant MAJOR FOOD GROUP LLC d/b/a 49 COLLINS AVENUE RESTAURANT LLC d/b/a CARBONE RESTAURANT LLC, a foreign limited liability company, was a company doing business in Miami-Dade County, Florida, with its headquarters in New York, New York. Defendant is and was, at all times relevant, a business providing restaurant and dining services.

12. At all times material, Defendant MAJOR MANAGEMENT TCZ LLC, a foreign limited liability company, was a company doing business in Miami-Dade County, Florida, with its headquarters in New York, New York. Defendants is and was, at all times relevant, a property management, real estate company and conducts business throughout the United States of America.

**DEFENDANTS ARE AN INTEGRATED ENTERPRISE, JOINT EMPLOYERS, OR AGENTS OF EACH OTHER**

13. The Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations.

14. The Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

15. The Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

16. Each Corporate Defendant is sued individually, as an integrated enterprise, as joint employers, and as agent of each other.

## **PROCEDURAL REQUIREMENTS**

17. Plaintiff has complied with all conditions precedent in filing this action, to wit:

     a. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), Miami District Office;

     b. Plaintiff received a Right to Sue Notice from the EEOC on or about November 16, 2022.

18. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## **GENERAL ALLEGATIONS**

19. Plaintiff is a 65-year-old individual and is therefore a member of a protected class of individuals over the age of 40 years.

20. At all times material hereto, Plaintiff was an employee of the Defendants, and was employed with Defendants from January 5, 2021, through his wrongful termination on January 20, 2021.

21. Defendants hired Plaintiff to work as a waiter to work at the Carbone Restaurant in Miami Beach, located at 49 Collins Avenue, Miami Beach, Florida 33139, which was a new restaurant scheduled to open to the public in either January 2021 or February 2021.

22. Plaintiff interviewed with and was specifically hired by Defendants through Louie Sarabando ("Sarabando").

23. When Sarabando informed Plaintiff that he was hired, he also informed Plaintiff that he would work and perform the job duties and responsibilities of a waiter.

24. Plaintiff initially began training on or about January 5, 2021.

25. At the time of Plaintiff's employment with Defendants, he had approximately forty (40) years of experience working as a waiter.

26. During Plaintiff's years of experience working in the restaurant business, he was never disciplined for poor job performance. Accordingly, Plaintiff was fully capable of performing the job duties and responsibilities of waiter for the Defendants and performed his job well.

27. On or about January 20, 2021, Plaintiff was one of the Defendants' employees selected to work as a waiter at the Defendants' preopening event, expected to be attended by Defendants' investors and management employees, including but not limited to their management employees from New York.

28. Plaintiff noticed that there were not many other individuals over the age of 40 years of age, who were working for Defendants at the pre-opening event.

29. During the pre-opening event, Plaintiff was not warned, reprimanded, or disciplined for his job performance.

30. However, during the event, Plaintiff noticed that Defendants' management employees, treated Plaintiff and another co-worker who was also a member of the protected class of individuals over the age of 40 years, different than it treated the younger employees. Specifically, Plaintiff noticed that the management employees who attended the pre-opening event was dismissive and rude to the employees over the age of 40 and would demean Plaintiff, single him out and make age related jokes, which Plaintiff understood to be jokes about individuals in the protected class of people over the age of 40.

31. Plaintiff complained to his immediate supervisor, Fernando ULN ("Fernando"), that he was being treated differently than his coworkers that were not over the age of 40 years old.

32. Soon thereafter, and despite Plaintiff having performed his job well, at the end of the event, Defendants terminated Plaintiff's employment. The General Manager Fernando (ULN) informed Plaintiff that he was terminated because Defendants wanted employees with "fresh faces" for the market it was seeking in its Miami based restaurant, Carbone. Plaintiff understood Defendants' comments to mean that Defendants wanted younger employees for the restaurant, and Plaintiff, being a 60 plus year old man, did not fit that profile. More specifically, Fernando told Plaintiff that "they" decided he was not needed anymore and to return Defendants' tuxedo.

33. Plaintiff's age was the motivating factor that caused Defendants to terminate Plaintiff's employment, or Plaintiff was terminated because of his age.

34. Based on information and belief, shortly after Defendants terminated Plaintiff, Defendants also terminated another of its employees who was over the age of 40 years old and, according to Defendants, did not have a "fresher" look. Based on information and belief, Plaintiff's co-workers who were terminated on or about the same time that he was terminated, were also members of a protected class of individuals over the age of 40 years old.

35. After the Defendants terminated the Plaintiff, Defendants recruited individuals younger than the age of 40 years old to replace Plaintiff.

36. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I: VIOLATION OF THE ADEA -TERMINATION

37. Plaintiff repeats and re-alleges paragraphs 1 - 36 as if fully stated herein.

38. At all times material to this action, Defendants engaged in unlawful discrimination against Plaintiff due to his age, in violation of the ADEA.

39. Plaintiff is over 40 years old and is within a protected class.

40. During his employment, Plaintiff possessed the skills and background necessary to perform his duties of his job as Waiter at Defendants' restaurant, Carbone. As such, Plaintiff was qualified for the Waiter position.

41. Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment by, *inter alia*, terminating Plaintiff due to his age.

42. After Defendants terminated Plaintiff, Defendants hired a younger employee to replace Plaintiff.

43. The discriminatory actions of the Defendants, when considered individually and collectively, constitute an adverse employment action.

44. The effect of the practices complained of in this complaint has been to deprive Plaintiff of equal employment opportunities, specifically his employment, because of his age.

45. As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendants for its violations of the ADEA;

 b. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

 c. Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

 d. Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

 e. Award Plaintiff prejudgment interest on his damages award;

 f. Award Plaintiff reasonable costs and attorney's fees; and

 g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II: VIOLATION OF THE ADEA - RETALIATION

46. Plaintiff repeats and re-alleges paragraphs 1 - 36 as if fully stated herein.

47. Plaintiff is over 40 years old and is within a protected class.

48. During his employment, Plaintiff possessed the skills and background necessary to perform his duties of his job as Waiter at Defendants' restaurant, Carbone. As such, Plaintiff was qualified for the Waiter position.

49. On Plaintiff's last date of employment with Defendants, Plaintiff complained to Defendants that he was being treated differently than his coworkers that were not over the age of 40 years old.

50. Despite Plaintiff's claims of Defendants' discriminatory acts against Plaintiff on account of his age, Defendants took no remedial action to control working conditions and cease the discriminatory actions against Plaintiff.

51. Rather, Defendants terminated Plaintiffs' employment.

52. Defendants' conduct and disregard for Plaintiff's continued complaints were motivated by an intent to retaliate against Plaintiff for his protected activity under the ADEA.

53. Defendants willfully violated the ADEA or acted with reckless disregard for whether its actions were prohibited.

54. As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against the Defendants for its violations of the anti-retaliatory provisions of the ADEA;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefit and damages;

c. Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorneys' fees; and

g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT III: VIOLATION OF THE FCRA BY DEFENDANTS – AGE DISCRIMINATION - TERMINATION

55. Plaintiff repeats and re-alleges paragraphs 1 – 36 as if fully stated herein.

56. Plaintiff was an employee of Defendants and was terminated on or around January 20, 2021.

57. Plaintiff was subjected to disparate treatment because of his age in violation of the FCRA, and because of such actions by Defendants, he has suffered irreparable injury and compensable damages unless and until this court grants relief.

58. The unlawful employment practices complained of herein and the actions of Defendants were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

59. As a direct and proximate result of the above-described actions of Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendants for its violations of the FCRA;

b. Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendants;

c. Actual damages suffered, including lost wages, loss of fringe benefits and damages;

d. Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendants' intentional discrimination, according to proof;

e. Punitive damages, according to proof;

  f. Award Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA; and

  g. Such other and further relief as the Court deems just and proper.

**COUNT IV: VIOLATION OF THE FCRA –
<u>AGE DISCRIMINATION - RETALIATION</u>**

60. Plaintiff repeats and re-alleges paragraphs 1 - 34 as if fully stated herein.

61. Plaintiff is over 40 years old and is within a protected class.

62. During his employment, Plaintiff possessed the skills and background necessary to perform his duties of his job as Waiter at Defendants' restaurant, Carbone. As such, Plaintiff was qualified for the Waiter position.

63. Plaintiff complained and opposed the discrimination he was enduring. On Plaintiff's last date of employment with Defendants, Plaintiff complained to Defendants that he was being treated differently than his coworkers that were not over the age of 40 years old.

64. Despite Plaintiff's claims of Defendants' discriminatory acts against Plaintiff on account of his age, Defendants took no remedial action to control working conditions and cease the discriminatory actions against Plaintiff.

65. Defendants retaliated against Plaintiff in violation of the FCRA by fostering and perpetuating inadequate working conditions.

66. Defendants' retaliation and eventual termination of Plaintiff was because of his complaining and opposition to the discriminatory acts that Defendants' management employees were committing against him because of his age.

67. The unlawful employment practices complained of herein and the actions of Defendants and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

68. Because of such actions by Defendants, Plaintiff has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

69. As a direct and proximate result of the intentional retaliatory violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendants for its violations of antiretaliatory provisions of the FCRA;

b. Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendants;

c. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

d. Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendants' intentional retaliatory actions, according to proof;

e. Punitive damages, according to proof;

f. Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA; and

g. Such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: February 3, 2023.

                                        Respectfully submitted,

                                        By: **/s/ Tanesha W. Blye**
Tanesha W. Blye, Esq.
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com

R. Martin Saenz, Esq.
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*